**LEAGUE OF UNITED LATIN AMERICAN CITIZENS, Maria Olympia Hernandez, Reina Raquel Guillen, Blanca Lopez, Maria Garza and All Other Persons Similarly Situated, Plaintiffs,**

v.

**PASADENA INDEPENDENT SCHOOL DISTRICT, Defendant.**

Civ. A. No. H–87–935.

United States District Court,
S.D. Texas,
Houston Division.

July 31, 1987.

---

Isaias D. Torres, Houston, Tex., for plaintiffs.

Kelly Frels, Merri Schneider-Vogel, Arturo G. Michel, Bracewell & Patterson, Houston, Tex., for defendant.

## ORDER

McDONALD, District Judge.

Pending before the Court is Defendant's Motion in Opposition to Entry of a Permanent Injunction. Having considered the arguments of the parties and the applicable law, the Court is of the opinion that a ruling on the Motion should be DEFERRED pending Plaintiff's exhaustion of administrative remedies.

On April 14, 1987, the Court entered a preliminary injunction in this case. Defendant, Pasadena Independent School District ("PISD"), is under order to reinstate Plaintiffs and is enjoined from dismissing any employee who is an undocumented alien qualified for legalization under the Immigration Reform and Control Act of 1986 ("IRCA") because he or she has provided a false social security number.

The Court, having reviewed the intent and the language of the statute, found that Plaintiffs had demonstrated a substantial likelihood of prevailing on the merits of their claim that Defendant's policy of terminating aliens qualified for legalization under IRCA and who had given a false social security number would run afoul of IRCA's antidiscrimination provisions. Immigration and Nationality Act ("INA"), 8 U.S.C. § 1324b. This was particularly true when Defendant failed to verify the Plaintiffs' social security number at the time of their employment in contravention of PISD's stated policy and when PISD terminated Plaintiffs before they could apply for legalization and work authorization. The Court also found that Defendant's policy had a discriminatory impact on aliens who, like the Plaintiffs, qualify for legalization and are authorized to be employed under the Act.

The Court exercised jurisdiction over this case because the administrative process authorized under the Act to address allegations of discrimination was not yet in place. Requiring exhaustion of nonexistent remedies would be unjust. *See Deltona Corp. v. Alexander*, 682 F.2d 888, 7893 (11th Cir. 1982). At the time of the Court's action, the promise of an efficacious administrative remedy was completely hollow. Important provisions of the Act, including the application for legalization and the appointment of the Special Counsel, were wholly inoperative. Consequently, the Court employed its equitable powers to preserve the status quo until there could be a final resolution of the parties' rights in this matter. *See Meis v. Sanitas Service Corp.*, 511 F.2d 655, 656 (5th Cir.1975).

Now, some 3½ months after the Court entered the injunction, Plaintiffs have applied for and have received proper work authorization and an Acting Special Counsel has been appointed. Moreover, applications for legalization are being received and the employer sanction provisions are in effect.

The Court has continuing jurisdiction over the preliminary injunction and may modify or condition the injunction to meet changes in the law or facts, or for any other good reason. *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir.1974).

Plaintiffs urge that while some progress had been made, the administrative process is not fully functional. The regulations for the Office of the Special Counsel have not been published and there is only an *acting* Special Counsel. Defendant contends that despite these shortfalls, there is no proof that the Special Counsel is incapable of hearing a complaint filed by Plaintiffs.

Given the continued uncertainty and ambiguity concerning the operational status of the Office of the Special Counsel, the Court's Preliminary Injunction will remain in effect until Plaintiffs have had an oppor-

**282**

tunity to exhaust their administrative remedies.

Accordingly, it is ORDERED, ADJUDGED, and DECREED that Defendant's Motion be and hereby is DEFERRED, pending Plaintiffs' exhaustion of administrative remedies.

It is further ORDERED that Defendant shall continue to comply with the terms of the Preliminary Injunction.

The parties are also ORDERED to report to the Court on the status of any administrative action within sixty (60) days of the entry of this Order.

The Clerk shall file this Order and provide a true copy to counsel for all parties.